# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHELLY MOREY,

      Plaintiff,

vs.                                                       No. CIV 00-1699 LH/RLP

JOHANN MIANO, d/b/a JOHANN, INC.,
and WESTERN SURETY COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's (Western Surety Company, hereafter "Western Surety") motion to dismiss for failure to state a claim upon which relief can be granted (Docket No. 6), filed December 21, 2000. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, concludes that the motion shall be **denied.**

Plaintiff, a "purchaser" of a car sold by Co-Defendant (Johann Miano, d/b/a Johann, Inc., hereafter "Mr. Miano") alleges that Western Surety provided an auto dealer's bond to Mr. Miano pursuant to New Mexico Statute §66-4-7 NMSA 1978.[1] (Compl. ¶ 6.) The complaint contains no

---

[1] The parties do not dispute whether Plaintiff is a "purchaser" or whether Mr. Miano is a "dealer" in accordance with New Mexico Statutes §66-4-7 NMSA 1978 for purposes of this motion.

allegations pertaining to Western Surety but seeks recovery against the bond issued by Western Surety for alleged fraudulent misrepresentations and omissions of Mr. Miano. (Compl. ¶ 17.)

In dismissing a claim under a 12 (b)(6) motion a claim may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim. Fed.R.Civ.P. 12(b)(6). In *Lewis v. New Mexico Dep't of Health,* this court discussed the legal standards for dismissing a case for failure to state a claim:

> A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12 (b)(6) for failure to state a claim **unless** it appears beyond doubt that the Plaintiff can prove no set of facts supporting the complaint's claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Hous. Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed.2d 90, 94 S. Ct. 1683 (1974)... "Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357,1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986)).

94 F.Supp. 2d 1217,1232 (D.N.M. 2000) (emphasis added).

The following facts are alleged in the complaint. On or about May 4, 1999, Mr. Miano purchased a 1991 BMW at the Manheim's Greater Auto Auction Nevada for $6,850.00. (Complaint ¶7.) At the time of purchase, the seller provided Mr. Miano with the California title certificate for the car on the front of which was an odometer disclosure from April 16, 1999. The disclosure certified that the mileage showing on the odometer, 88,554, was in excess of the mechanical limits of the odometer, which meant the vehicle had at least 188,554 miles on it. (Complaint ¶ 8.) Mr. Miano later advertised the car for sale and represented the car was in

"mint" condition. (Complaint ¶ 9.) In response to the ad, Plaintiff telephoned Mr. Miano. (Complaint ¶ 10.) Mr. Miano informed Plaintiff the car was a "one-owner" car and that his wife was the original owner. (Complaint ¶ 10.) On June 22,1999, Plaintiff purchased the car from Mr. Miano. (Complaint ¶ 11.) On the day of sale, Mr. Miano gave Plaintiff a mileage disclosure on the back of the title indicating the mileage of the car was 88,700 actual miles. (Complaint ¶ 12.) Also on the day of the sale, Mr. Miano gave Plaintiff a Bill of Sale with a second mileage disclosure indicating 88,700 actual miles. (Complaint ¶ 13.) Plaintiff attempted to sell the car in April 2000. (Complaint ¶ 15.) Through investigation, a potential buyer learned of the mileage discrepancy and refused to purchase the car. (Complaint ¶ 15.) Thus Plaintiff learned for the first time the true mileage exceeded the mileage showing on the odometer and that Mr. Miano was not the original owner but the car was owned by at least two people prior to Mr. Miano's acquisition. (Complaint ¶ 15.)

Plaintiff claims that the plain language of the auto dealer bonding statute covers a dealer's fraudulent misrepresentations, not just misrepresentations regarding the title. (Pl.'s Br. Opposing Def.'s Mot. to Dismiss at 5.) The relevant portion of the statue reads: " The bond shall be payable to the state for the use and benefit of the purchaser and his vendees, conditioned upon payment of any loss, damage and expense sustained by the purchaser or his vendees, or both, *by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of warranty as to freedom from liens on the motor vehicle* or motorcycle sold by the dealer, wholesaler, distributor, dealer of motorcycles only or wrecker of vehicles." N.M. STAT. ANN. § 66-4-7 (Michie 1978) (emphasis added). Plaintiff alleges that a claim has been stated for relief because Mr. Miano made fraudulent misrepresentations of material facts regarding the car, and Western Surety, as Mr. Miano's

bond holder, is liable for Mr. Miano's fraudulent misrepresentations made regarding the mileage of the car. (Pl.'s Br. Opposing Def.'s Mot. to Dismiss at 4.)

Western Surety disputes liability contending that the auto dealer's bond in § 66-4-7 is to protect purchasers from failure of title only and is not applicable to other acts of alleged fraud or misrepresentation which do not cause a failure of title. (Def.'s Mot. to Dismiss.) Western Surety concludes that because Plaintiff's Complaint does not allege any failure of title Plaintiff has failed to state a claim for which relief can be granted. Defendant reaches its conclusion by interpreting *Prince v. Nat'l Union Fire Co.,* 75 N.M. 313, 404 P.2d 137 (1965) to say the surety bond only benefits those purchasers who are injured as a result of fraudulent conduct relating to a motor vehicle title. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss.) However, Defendant misinterprets the language of *Prince.* While the issue in *Prince* was whether the Plaintiff was a "purchaser" entitled to protection under the statute, the court went on to say "The bond is to protect against failure of title *or* fraud at the time of purchase." *Id.* at 316 (emphasis added); see also *Kerr v. Schwartz,* 82 N.M. 63, 65 (1970). ( The auto dealers bonding statute "provides for an automobile dealer's bond and license to protect against the failure of title *or* fraud at the time of purchase.") (emphasis added).

The plain language indicates that § 66-4-7 protects against failure of title or fraud. In interpreting statutes, the courts look first to the plain language of the statute. *General Motors Acceptance Corp. v. Anaya,* 103 N.M. 72, 76 (1985). Dicta in two New Mexico Supreme Court cases support the plain reading of the statute. Presuming for purposes of this motion that all well pleaded allegations are true the Plaintiff's have asserted a legal theory upon which relief may be granted.

**IT IS, THEREFORE, ORDERED** that Defendant Western Surety's Motion to Dismiss for Failure to State a Claim (Docket No. 6), filed December 21, 2000 is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**